IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:03-CV-472-F |
| ) | |
| ONE PARCEL OF PROPERTY ) | |
| LOCATED AT 491 1ST STREET, ) | |
| LAFAYETTE, CHAMBERS COUNTY, ) | |
| ALABAMA, with all appurtenances and ) | |
| improvements thereon, ) | |
| ) | |
| Defendant. ) | |

ORDER ON PRETRIAL HEARING

A pretrial hearing was held in this case on April 7, 2005, in Opelika, Alabama, wherein the following proceedings were held and actions taken:

1.  **PARTIES AND TRIAL COUNSEL**:

    For the Plaintiff: John T. Harmon; and,

    Claimant Willie George McCoy: Pro Se.

    **COUNSEL APPEARING AT PRETRIAL HEARING**:

    Same As Trial Counsel.

2.  **JURISDICTION AND VENUE**:

    Jurisdiction is predicated on 28 U.S.C. §§ 1345, 1355. Venue is proper as the Defendant property is physically located within the Middle District of Alabama.

3.  **PLEADINGS**: The following pleadings and amendments were allowed:

    a.    Verified Complaint for Forfeiture <u>In</u> <u>Rem</u> - Case No. 3:03cv472-F;

    b.    Order for Notice <u>In</u> <u>Rem</u>;

    c.    Warrant and Summons for Arrest <u>In</u> <u>Rem</u>;

    d.    Verified Claim of Willie George McCoy;

    e.    Answer of Willie George McCoy.

4.    **<u>CONTENTIONS OF THE PARTIES</u>**:

    a.    <u>The United States of America</u>

        (1)    The Defendant property was used in a manner to commit and to facilitate and is involved in the commission of violations of Title 21, United States Code, Section 841 <u>et</u> <u>seq</u>.; therefore, the Defendant property is subject to forfeiture pursuant to Title 21, United States Code, Section 881(a)(7);

        (2)    On April 15, 2003, the CS went to the Open Pit Barbecue, located on Martin Luther King Drive, met with Monroe McCoy and made arrangements to purchase cocaine base. Monroe McCoy instructed the CS to follow him to his residence. The CS and Monroe McCoy proceeded to McCoy's residence, 491 1st Street (Defendant property). The CS observed Monroe McCoy take a small bag from his vehicle and attempt to conceal it. Once in the residence, Monroe McCoy went upstairs and there sold the CS a quantity of cocaine base from the same bag.

        (3)    On May 29, 2003, Monroe McCoy delivered approximately one

hundred ten (110) grams of cocaine base to the CS and was arrested. Currency ($1,440.00) was seized from Monroe McCoy at the time of arrest. Monroe McCoy initially stated the currency came from his barbecue business. On August 19, 2003, Monroe McCoy filed an administrative claim with the Drug Enforcement Administration. The claim stated that the Defendant currency consisted of Nine Hundred Dollars ($900) received from painting a house and Five Hundred Dollars ($500) received from his barbecue business. No receipts have been furnished to substantiate the claim.

(4) The Defendant property has served as a storage site for illegal drugs, cash obtained through illegal drug sales, and equipment used to conduct drug business and as a site to hide, protect and secret such items.

(5) The Defendant property was used as a site to discuss and plan illegal drug activities and to provide communication services in support of illegal drug activities.

(6) Claimant knew or should have known of Monroe McCoy's drug activities.

(7) The Claimant is not an innocent owner.

(8) Claimant lacks standing to contest the forfeiture of the Defendant real property as his interest in said property, if any,

                is not a secured interest.

      (9)      The only issue to be decided is the ownership of the Defendant property; specifically, the portion of the property owned by the United States and the Claimant.

  b.    <u>Claimant Willie George McCoy</u>

      (1)      Claimant Willie George McCoy is the brother of Monroe McCoy. Willie McCoy offers no dispute as to the ability of the United States to forfeit the interests of Monroe McCoy to the subject real estate due to his conducting of illegal drug activity upon said real estate.

      (2)      Willie McCoy makes no claim of ownership interest in that real property which is the location of the Open Pit restaurant. Willie McCoy does claim at least a 2/3 ownership interest in all or a portion of the real property upon which a house is located. This claim arises from a re-division of property formerly belonging to Georgia McCoy, the mother of the Claimants, wherein the descriptions of various parcels thereof are overlapping on deeds of record because of confusion that arose among the children of Georgia McCoy and a subsequent dispute between Willie and Monroe McCoy as to the manner in which said discrepancies should be resolved.

5.    **<u>STIPULATIONS BY AND BETWEEN THE PARTIES</u>**:

(1) Claimant Willie McCoy has an interest in the Defendant property.

(2) The United States has an interest in the Defendant property as a result of the forfeiture of Monroe McCoy's interest to the United States.

(3) The United States has met its burden of showing by a preponderance of the evidence that the Defendant property is subject to forfeiture.

(4) The property was substantially connected to illegal drug sales by Monroe McCoy and others and, therefore, Monroe McCoy's interest in the property is subject to forfeiture and has been properly forfeited to the United States.

(5) Claimant Willie McCoy is an "innocent owner," so his interest in the Defendant property is not subject to forfeiture.

(6) Claimant Willie McCoy has no defense to the forfeiture of the Defendant property other than the "innocent owner" defense.

(7) The forfeiture of Monroe McCoy's interest in the Defendant property is not excessive under the United States Constitution.

(8) Each party shall bear its own costs.

6. **Special Notice to Parties**

(1) **Compliance with Rules and Orders.** The trial will be conducted according to the Federal Rules of Civil Procedure and the Federal Rules of Evidence. Both parties should familiarize themselves with the rules and comply with them during trial.

(2) **Counsel for the Plaintiff.** If the Plaintiff obtains counsel to represent him in this matter prior to trial, such counsel shall immediately file a notice of appearance with this Court and contact counsel for the Defendant.

(3) **Trial.** Trial will begin with opening statements. Each party will be given 15 minutes to briefly tell the judge what he expects the evidence to show. After opening statements, Plaintiff will put on his case. He has the burden of proving his contentions by calling witnesses and introducing evidence. The Plaintiff should insure that his witnesses attend (i.e. by subpoenaing them if necessary) and should bring all of his exhibits and evidence to trial. If Plaintiff would like to testify, he will have to be sworn in and testify from the stand. If Plaintiff would like to introduce exhibits or other evidence, he must have a witness (including himself) who can testify as to what each document is and that each document is authentic.

The Defendant will then put on its case as the Plaintiff did. At the end of the Defendant's case, the judge will give each party a set length of time for a closing argument, which is an opportunity to sum up the evidence that was put on and tell the judge why he should rule in favor of the party. The Judge will render a verdict either from the bench at the conclusion of the trial or by written order within two weeks of the trial.

It is hereby ORDERED as follows:

(1) The non-jury trial of this case, which is to last approximately one day, will be held on June 27, 2005, at 9:00 a.m. in Courtroom 2-A of the Federal Courthouse at One Church Street, Montgomery, Alabama;

(2) **Witness Lists**. Each party shall make a witness list, including names, addresses and phone numbers of his witnesses. This list shall be provided to the other party **on or before May 16, 2005.** Parties will not be allowed to call witnesses at trial that are not on the list.

(3) **Exhibit Lists.** Each party shall make a written list of all exhibits and evidence he desires to use at trial and should pre-mark all exhibits and evidence. Exhibit lists, and copies of the exhibits listed, shall be given to the other party **on or before May 16, 2005.** Parties will not be allowed to use exhibits and evidence at trial unless they are identified and copies are provided in this manner.

(4) **Deposition Designations.** Each party shall identify the deposition portions he desires to use at trial **on or before May 16, 2005**. Each party shall have until **May 30, 2005**, to identify additional parts of depositions he desires to use at trial in response to the portions the other party has identified and to provide these to the other party. Parties shall make all identifications in writing by page number and line number. Parties will not be allowed to use portions of depositions at trial that are not identified in this manner.

(5) **Objections to Witnesses and Exhibits**. Each party shall make in writing all objections to all witnesses, exhibits and evidence that the other side has identified. These objections shall be exchanged **on or before June 13, 2005.** Each objection must include the reason why the party is objecting. Parties will not be allowed to object to witnesses, exhibits or evidence at trial if objections are not made in writing by the deadline.

(6) **Objections to Deposition Testimony**. Each party shall make in writing all objections to the portions of depositions that the other side has identified. These written objections shall be provided to the other party **on or before June 13, 2005.** Each objection must include the reason why the party is objecting. Parties will not be allowed to object to deposition testimony at trial if it is not objected to in writing by the deadline.

(7) **Motions in Limine**.  Parties may make written requests, called Motions in Limine, that the Court exclude specific topics from the trial if they have a reason under the Federal Rules of Evidence.  Motions in Limine shall be filed with the Court **on or before May 30, 2005.**  If parties would like to respond to Motions in Limine filed by the other party, they may file a written Response **on or before June 13, 2005**.

(8)  **Pretrial Briefs.**  Filing pretrial briefs is optional.  If the parties so desire, **on or before June 13, 2005,** they may file briefs explaining the arguments they plan to make at trial in more detail than appears in this pretrial order.

(9)  **Proposed Findings**.  Each party shall file with the Court a document setting out the conclusions of fact and of law that they would like the Court to make in this case **on or before June 13, 2005**.

(10) **Copies of Exhibits.**  Each party shall bring to the trial three copies of each exhibit or piece of evidence for the Court's use.

(11)  Everything in this Order is binding on all parties unless hereafter modified by Order of the Court.  The dates and instructions in this Order supercede any contradictory dates and instructions set forth in the Uniform Scheduling Order.

DONE this 29th day of April, 2005.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE