IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:03-CV-472-F |
| | ) | (WO) |
| ONE PARCEL OF PROPERTY | ) | |
| LOCATED AT 491 1ST STREET, | ) | |
| LAFAYETTE, CHAMBERS COUNTY, | ) | |
| ALABAMA, with all appurtenances and | ) | |
| improvements thereon, | ) | |
| | ) | |
| ONE THOUSAND FOUR HUNDRED | ) | |
| FORTY DOLLARS ($1,440) IN UNITED | ) | |
| STATES CURRENCY, | ) | |
| | ) | |
| ONE 1996 CHEVROLET C1500 PICKUP, | ) | |
| VIN 2BEC19RCT1202930, with all | ) | |
| appurtenances and improvements thereon, | ) | |
| | ) | |
| ONE PARCEL OF PROPERTY | ) | |
| LOCATED ON MARTIN LUTHER KING | ) | |
| DRIVE, LAFAYETTE, CHAMBERS | ) | |
| COUNTY, ALABAMA, with all | ) | |
| appurtenances and improvements thereon, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This case is a dispute between the United States of America and Claimant Willie G. McCoy over the forfeiture of the Defendant One Parcel of Property Located at 491 1st Street,

1

Chambers County, Lafayette, Alabama, with all Appurtenances and Improvements Thereon. In response to the United States' Motion for Summary Judgment (Doc. #43), filed September 1, 2004, the Court entered an Order (Doc. #57 ) on November 29, 2004, that all interests of the Claimant's brother, Monroe McCoy, in the Defendant property be forfeited to the United States due to his use of the property for drug-related crimes. Therefore, the sole issues remaining for this Court are the relative ownership interests of Monroe McCoy and Willie McCoy in the Defendant property and the best method of affecting forfeiture of Monroe McCoy's interests to the United States. After weighing the evidence and testimony offered by the parties during the bench trial, the Court finds that judgment is due to be entered in favor of the United States of America and against Claimant Willie G. McCoy as further set forth herein.

## II. JURISDICTION

This Court has jurisdiction over this action pursuant to 29 U.S.C. § 1331 (federal question jurisdiction). Venue is appropriate pursuant to 28 U.S.C. § 1391(b).

## III. FACTS

In support of this judgment, the Court makes the following findings of fact. On June 1, 2003, the United States filed a Verified Complaint (Doc. #1) in this case for forfeiture of One Parcel of Property Located at 491 1st Street, Lafayette, Chambers County, Alabama (hereinafter referred to as "the Property"). Specifically, the Complaint identifies the Property as that property "acquired by Monroe McCoy from Eddie McCoy on or about July 15, 2002,

by a Warranty Deed recorded in the real property records, Office of the Judge of Probate, Chambers County, Alabama." The Property is also identified as the combination of those parcels labeled "A" and "A1" on the overlay map admitted as United States' Exhibit 1 during the bench trial held June 28, 2005.

The history of the ownership of the Property is as follows. The Property is part of one acre of land that was purchased in 1949 from a Mr. Hanby by Green and Georgia Rea McCoy, the parents of Monroe and Willie McCoy. The deed affecting this transfer was recorded on April 2, 1949, in Chambers County Deed Book 100 on page 389. In 1971, Georgia McCoy transferred her one half undivided interest in the Property to Green McCoy, as recorded on January 6, 1971 in Chambers County Deed Book 186 on page 540. That same year, Green McCoy transferred ownership in the Property to Georgia McCoy as recorded on July 30, 1971 in Chambers County Deed Book 188 on page 410. Georgia McCoy subsequently transferred ownership of the Property to two of her children: Monroe McCoy and Eddie McCoy. This transfer was recorded on July 22, 1993 in Chambers County Deed Book 310 on page 11.

Thereafter, the McCoy siblings had the entire one-acre parcel re-surveyed with the intention re-dividing it into equal "eastern" and "western" parcels, each having one house. As Willie McCoy was living in the house on the eastern parcel and Monroe McCoy was living in the house on the western parcel, each was to receive total ownership of the parcel upon which he was living. Towards that end, a deed was drawn up conveying the interests

of Barbara McCoy Askew, Eddie McCoy and Monroe McCoy in the eastern parcel to Willie McCoy. However, Monroe McCoy refused to convey his interest. That deed was recorded on March 26, 1998, without the signature of Monroe McCoy, at Chambers County Document Number 1998-1351.[1] As a result of this transfer, Willie McCoy obtained the one half interest in the "A1" portion of the Property that had previously belonged to Eddie McCoy, giving Willie McCoy and Monroe McCoy each a one half undivided interest in the "A1" portion of the Property.[2] It was undisputed that the "A1" portion of the Property is valued at approximately $500, based upon the testimony of the Chambers County Chief Appraiser, James Hill, III.

On July 15, 2002, Eddie McCoy attempted to convey by warranty deed his one half interest in the Property to Monroe McCoy, even though he had previously transferred his interest in the "A1" portion of the Property to Willie G. McCoy. This is the deed recorded at Chambers County Document Number 2002-4019, which is referenced in the Complaint. Because Eddie McCoy had already transferred his interest in the "A1" portion of the Property to Willie McCoy, this deed did not effect the ownership of the A1 portion of Property. It did, however, transfer Eddie McCoy's one half undivided interest in the "A" portion of the Property to Monroe McCoy, giving Monroe McCoy sole ownership of the "A" portion of the

---

[1] Between 1993 and 1998, Chambers County apparently converted from a deed book recording system to an electronic record system.

[2] As a result of this transfer, Willie G. McCoy also obtaining the two thirds undivided interest that had previously belonged to Barbara Askew and Eddie McCoy in land adjacent to the "A1" portion of the Property. However, that land is outside the scope of this dispute.

Property. In conclusion, the Court finds that Monroe McCoy owns the entire "A" portion of the Property and that Monroe McCoy and Willie G. McCoy each own an undivided one half interest in the "A1" portion of the Property. Additionally, the Court acknowledges the facts stipulated to by the United States as contained in Court's Exhibit 1, namely that Willie McCoy paid taxes, fees and costs assessed against Monroe McCoy on the Property after the initiation of the forfeiture action in the amount of $314.78.

## IV. CONCLUSIONS OF LAW

In support of this judgment, the Court also makes the following conclusions of law. Under the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"),[3] the United States has the burden of proving by a preponderance of the evidence that the Defendant property is "forfeitable." *See* 18 U.S.C. § 983(c)(1). In this case, the government has demonstrated by a preponderance of the evidence that the Property at issue is forfeitable pursuant to 21 U.S.C. § 881(a)(7), which permits the forfeiture of

> All real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this subchapter punishable by more than one year's imprisonment.

Specifically, the government has demonstrated that the Property has a "substantial connection" with a criminal offense, as required by 18 U.S.C. § 983 (c)(3). Additionally, the

---

[3] The CAFRA applies to all civil forfeiture proceedings commenced on or after August 23, 2000. Therefore, it applies to this case, filed May 1, 2003.

forfeiture of Monroe McCoy's interest in the Property is not excessive under the United States Constitution.

In this case, Willie McCoy has asserted the innocent owner defense, which prevents an innocent owner's interest in property from being forfeited under a civil forfeiture statute. *See* 18 U.S.C. § 983(d)(1). To be protected by this defense, the claimant must demonstrate by a preponderance of the evidence that he had a legal interest in the property at the time that the action giving rise to the forfeiture occurred and that he did not know of the conduct giving rise to forfeiture or that upon learning of the conduct giving rise to the forfeiture, that he did all that could reasonably be expected under the circumstances to end such use of the property. *See* 18 U.S.C. 983(a)(2)(A), The parties in this case stipulate that Willie McCoy is an "innocent owner" of the Property such that his interest in the Property is not subject to forfeiture.

When the Court determines, as it has in this case, that an innocent owner has a partial interest in property otherwise subject to forfeiture, the Court may enter an appropriate order

> (A) severing the property;
>
> (B) transferring the property to the Government with a provision that the Government compensate the innocent owner to the extent of his or her ownership interest once a final order of forfeiture has been entered and the property has been reduced to liquid assets; or
>
> (C) permitting the innocent owner to retain the property subject to a lien in favor of the Government to the extent of the forfeitable interest in the property.

18 U.S.C. § 983(d)(5)(A)-(C). The Court finds that the facts of this case, including the history of ownership of the Property and the amount and location of the property in which the innocent owner has a partial interest, make the option whereby the innocent owner may retain the property subject to a lien in favor of the Government to the extent of the forfeitable interest in the property the most appropriate resolution of this dispute.

## V. CONCLUSION

Satisfied that Willie McCoy owns a one half undivided interest in the "A1" portion of the property and that this ownership invokes the Court's authority pursuant to 18 U.S.C. § 983(d)(5)(A)-(C), the Court hereby

ORDERS that the "A" portion of the Defendant Property, with all appurtenances and attachments thereon, is FORFEITED and CONDEMNED to the United States of America with no right, title, or interest existing in any other party and further

AWARDS and TRANSFERS the one half interest of Monroe McCoy in the "A1" portion of the Defendant Property to Claimant Willie G. McCoy, subject to a lien in favor of the government for the value of Monroe McCoy's one half interest. According to the undisputed trial testimony, one half interest in the "A1" portion of the Property is valued at approximately $250; thus, the amount of the lien is $250. However, the Court further FINDS that the lien in favor of the government has been offset by the taxes, fees, and costs assessed against Monroe McCoy and paid by Willie McCoy during the pendency of this action and ORDERS that the lien in favor of the United States is satisfied in full, and that Willie McCoy

has no current or future claim against the United States for the amount of taxes, costs, and fees paid on behalf on Monroe McCoy regarding the Property at issue.

The Court will issue a Final Judgment consistent with this Memorandum Opinion and Order.

DONE this 29th day of June, 2005.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE